IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2030-FL

| | |
|---|---|
| CHARLES ROBERT BAREFOOT, JR., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| SARAH REVELL, et al., | ) ) |
| Respondents. | ) |

ORDER

On March 1, 2010, petitioner Charles Robert Barefoot, Jr. ("petitioner") filed this habeas petition pursuant to 28 U.S.C. § 2241. On September 21, 2010, the court dismissed this action without prejudice, finding that petitioner was unable to proceed with his claim pursuant to § 2241. The matter now is before the court on petitioner's motion for reconsideration (DE # 5). The matter is ripe for adjudication.

The court treats petitioner's motion for reconsideration as a motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g.,

Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In its original order, the court found that, although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The court stated that the legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The court then found that petitioner was challenging the legality of his conviction, pursuant to 18 U.S.C. § 922(g)(8), for possession of a firearm and ammunition by a person subject to a domestic violence restraining order.

Petitioner now is before the court arguing that the court misconstrued his § 2241 petition. Petitioner states that the court erred by finding that he was challenging the legality of his conviction pursuant to § 922(g)(8). Instead, petitioner states that his petition asserts that this offense is not a federal crime because Congress did not have the authority to enact this statute. The court finds that this argument still challenges the legality of, rather than the execution of, his conviction and sentence. Cf. United States v. Jones, 41 Fed. Appx. 632, 2002 WL 1492264, *2 (4th Cir. July 15, 2002) (unpublished) (finding meritless the argument that the federal bank robbery statute exceeds Congress' commerce clause power). As stated, the legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255. 28 U.S.C. § 2255; see In re Vial, 115 F.3d at 1194.

Accordingly, the court finds no manifest injustice.[1] For these reasons, petitioner's motion to alter or amend judgment pursuant to Rule 59(e) (DE # 5) is DENIED.

SO ORDERED, this the 23rd day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] The court notes that even if petitioner could proceed with his claim pursuant to section 2241, it would be without merit. See United States v. Bostic, 168 F.3d 718, 723 (4th Cir. 1999) (upholding the constitutionality of section 922(g)(8)).